# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                          )<br>                    Plaintiff,          )<br>                                                          )<br>    vs.                                              )<br>                                                          )<br>EDUARDO NAVARRETE-SANCHEZ  )<br>                                                          )<br>                    Defendant.        )<br>_____ )<br>                                                          )<br>UNITED STATES OF AMERICA,          )<br>                                                          )<br>                    Plaintiff,          )<br>                                                          )<br>    vs.                                              )<br>                                                          )<br>MARIEL NAVARRETE-FIMBRES       )<br>                                                          )<br>                    Defendant.        )  | 8:12MJ79<br><br>ORDER<br><br><br><br><br><br><br>8:12MJ80<br><br>ORDER |

**ORDER AS TO MATERIAL WITNESS: JOSE DE JESUS MACIAS-VALLES**

This matter is before the court on the application of the United States for the arrest and detention of a material witness Jose De Jesus Macias-Valles. The court finds the application sets forth the materiality of the witness' testimony in the above-captioned matter and it may become impracticable to secure the presence of the witness by subpoena. On April 4, 2012, an arrest warrant was issued for the arrest of the material witness, pursuant to 18 U.S.C. § 3144. Following the witness' arrest, the witness was brought before the court on April 6, 2012, for a hearing and requested the appointment of counsel. A further hearing was scheduled for April 9, 2012.

On April 9, 2012, the witness appeared with his court-appointed counsel, D. A. Drouillard. The United States was represented by Special Assistant U.S. Attorney Christopher A. Ferretti. During the hearing, Laura Garcia-Hein, a certified interpreter in the Spanish language, served as the interpreter. The witness requested a hearing which was scheduled for April 13, 2012 and continued to April 16, 2012.

On April 16, 2012, the witness appeared with his court-appointed counsel, D. A. Drouillard. The United States was represented by Special Assistant U.S. Attorney Christopher A. Ferretti. During the hearing, Laura Garcia-Hein, a certified interpreter in the Spanish language, served as the interpreter. The witness waived any further hearing and requested detention pending his testimony in the above-captioned cases.

I find that the testimony of the witness would be material in these criminal proceedings against Eduardo Navarrete-Sanchez and Mariel Navarrete-Fimbres. I further find it may become impracticable to secure the presence of the witness by subpoena if the witness absconds to Mexico if he were released from custody on conditions. Since ICE has placed a detainer with the U.S. Marshal for deportation proceedings regarding the witness and the witness has no roots in this community or state, I find there is no condition or combination of conditions that would reasonably assure the presence of the witness for the upcoming criminal proceedings in these matters if he were released on conditions.

**IT IS ORDERED:**

1. The witness, Jose De Jesus Macias-Valles, is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The witness shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the witness to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2. Any motion or request for a deposition of the witness pursuant to Fed. R. Crim. P. 15(a) and 18 U.S.C. § 1344 shall be served on all parties to this case.

DATED this 16th day of April, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge